IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVERE ANDRE HALL, SR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | NO. 17-5753 |
| CITY OF PHILADELPHIA, | : | |
| Defendants. | : | |

**MEMORANDUM**

**PRATTER, J.**                                                                                 **DECEMBER 31, 2017**

Currently before the Court is plaintiff Devere Andre Hall's motion for leave to proceed *in forma pauperis* and his *pro se* complaint against the Philadelphia Housing Authority (PHA) and the City of Philadelphia. For the following reasons, the Court will grant Mr. Hall leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to amendment.

**I.    FACTS**

Mr. Hall alleges that he was "denied housing by [the] Philadelphia Housing Authority to Mashal Shepard and Martin Luther King IV [two housing developments in Philadelphia] due to [his] criminal history a misdemeanor which PHA – Philadelphia Housing Authority vowed not to use in [his] case but did." (Compl. at 3.) It appears from the complaint that Mr. Hall attended an "informal hearing" on the matter with his nurse. (*Id.*) The Court understands Mr. Hall to be claiming that the PHA violated the Fair Housing Act and his due process rights by preventing him from living in the developments of his choice based on his criminal history. Mr. Hall seeks millions of dollars in damages and an admission from PHA that it used his criminal history erroneously. The address on the docket reflects that Mr. Hall is currently living at another PHA property in Philadelphia.

1

## II. STANDARD OF REVIEW

Mr. Hall's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. As Mr. Hall is proceeding *in forma pauperis*, the Court is required to screen the complaint and dismiss it if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Hall is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Mr. Hall Has not Stated a Constitutional Claim

The complaint primarily claims that the PHA violated Mr. Hall's due process rights by preventing him from living in two specific developments because of his criminal history.[1] "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Fundamentally, procedural due process requires notice and an opportunity to be heard" in a meaningful time and manner. *Mancini v. Northampton Cty.*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Here, even assuming Mr. Hall has a life, liberty or property interest that triggers due process protection, he has not alleged that he was denied a meaningful opportunity to be heard with respect to his desire to live at the two PHA developments in question so as to state a procedural due process claim. The complaint reflects

---

[1] The complaint also references the Thirteenth Amendment, which prohibits slavery and has no applicability here.

that Mr. Hall at minimum received a hearing, and it is not clear what other procedure he claims should have been provided to him as a constitutional matter. To the extent Mr. Hall is raising a substantive due process claim, the conduct described in the complaint is not "conscience-shocking" in a manner that would give rise to such a claim. *See Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999).

Additionally, to state a § 1983 claim against PHA or the City of Philadelphia, Mr. Hall must allege that a policy of custom of those entities caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To satisfy the pleading standard, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Here, nothing in the complaint suggests that the conduct complained of by Mr. Hall stemmed from a custom or policy of PHA or the City of Philadelphia. *See Lee v. Petrolichio*, 697 F. App'x 112, 113 n.5 (3d Cir. 2017) (per curiam). It is also not clear why Mr. Hall named the City of Philadelphia as a defendant since PHA is the entity that prevented him from living in the housing developments of his choosing.

### B. Mr. Hall Has not Stated a Claim Under the Fair Housing Act

The Fair Housing Act renders it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin" 42 U.S.C. § 3604(a). It does not preclude consideration of an individual's criminal record in housing decisions. *See Talley v. Lane*, 13 F.3d 1031, 1034 (7th Cir. 1994) ("[C]onsideration of an applicant's criminal record is not forbidden under . . . the Fair Housing Act."); *see also* 42 U.S.C. § 13661(c) (indicating that a public housing agency may deny

3

admission to federally assisted housing upon a determination "that [the] applicant or any member of the applicant's household is or was during a reasonable time preceding the date when the applicant household would otherwise be selected for admission, engaged in any drug-related or violent criminal activity or other criminal activity which would adversely affect the health, safety, or right to peaceful enjoyment of the premises by other residents, the owner, or public housing agency employees"). Accordingly, Mr. Hall has not stated a claim for a violation of the Fair Housing Act based on the sparse facts alleged in the complaint.

## IV.　CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Hall's complaint. The Court will give Mr. Hall an opportunity to file an amended complaint in the event he can state a plausible basis for a claim. An appropriate order follows, which shall be docketed separately.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVERE ANDRE HALL, SR.,** : | | **CIVIL ACTION** |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| **PHILADELPHIA HOUSING AUTHORITY** : | | **NO. 17-5753** |
| **CITY OF PHILADELPHIA,** : | | |
| Defendants. : | | |

## ORDER

AND NOW, this 31st day of December, 2017, upon consideration of Devere Andre Hall Sr.'s motion to proceed *in forma pauperis* and his *pro se* complaint, it is ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. The complaint is DISMISSED without prejudice for failure to state a claim for the reasons discussed in the Court's memorandum.

3. Mr. Hall may file an amended complaint within thirty (30) days of the date of this order in the event he can state a plausible basis for a claim. Any amended complaint shall identify all of the defendants in the caption of the amended complaint and shall state how each defendant was responsible for violating Mr. Hall's rights. Upon the filing of an amendment, the Clerk shall not make service until so ordered.

4. If Mr. Hall fails to comply with this order, his case may be dismissed for failure to prosecute without further notice.

                                                                     **BY THE COURT:**

                                                                     **S/Gene E.K. Pratter**
                                                                       **GENE E.K. PRATTER, J.**